Diamond C. & C. Co., 272 Pa. 74, an award was made under a similar state of facts, without discussion of the point here involved. There, the claimant was superintendent of a landing, and lived with his family in a houseboat attached. After regular hours, but while engaged about the wharf, an injury occurred.

It is a fair inference from the evidence to conclude that the presence of Malky was in furtherance of the needs of the master who was enabled by the segregation of the men to secure help for the actual mining which continued from seven until four. That the company believed this necessary is clearly indicated by its action in furnishing sleeping quarters, the required provisions, and the service of a watchman to prevent the approach of those from the outside. It was for the employer's interest the arrangement was effected, so that the digging and removal of the coal could be made possible, and the compensation board was justified in so holding. The injury occurred on the premises, where, in view of the attending circumstances, the presence of the employee was required, and brings the claim within the scope of the act.

The judgment is affirmed.

---

# Vosnak v. Kiskiminetas Valley Coal Co. (et al., Appellant).

Argued October 8, 1923. Appeal, No. 155, Oct. T., 1923, by Pennsylvania Bituminous Mutual Association, insurance carrier, from judgment of C. P. Allegheny Co., July T., 1923, No. 889, affirming decision of Workmen's Compensation Board, in case of Mary Vosnak v. Kiskiminetas Valley Coal Co., defendant, and Pennsylvania Bituminous Mutual Association, insurance carrier. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

OPINION BY MR. JUSTICE SADLER, January 7, 1924:

The same facts and legal questions are involved in this appeal as in Malky v. Kiskiminetas Valley Coal Company, defendant, Pennsylvania Bituminous Mutual Assn., insurance carrier, appellant, this day decided, and a like determination is made.

The judgment is affirmed.

---

## Rydzeski *v.* Kiskiminetas Valley Coal Co. (et al., Appellant).

Argued October 8, 1923. Appeal, No. 156, Oct. T., 1923, by Pennsylvania Bituminous Mutual Association, insurance carrier, from judgment of C. P. Allegheny Co., July T., 1923, No. 890, affirming decision of Workmen's Compensation Board, in case of Mildred Rydzeski v. Kiskiminetas Valley Coal Co., defendant, and Pennsylvania Bituminous Mutual Association, insurance carrier.

OPINION BY MR. JUSTICE SADLER, January 7, 1924:

The same facts and legal questions are involved in this appeal as in Malky v. Kiskiminetas Valley Coal Company, defendant, Pennsylvania Bituminous Mutual Assn., insurance carrier, appellant, this day decided, and a like determination is made.

The judgment is affirmed.

---

## Transcontinental Oil Co. et al. *v.* Atlas Assurance Co., Ltd., Appellant.

*Practice, C. P.—Affidavit of defense—Facts not denied—Admissions—Information and belief.*

1. Facts not denied by an affidavit of defense are to be considered as admitted, and, where contradicted on information and belief,